IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KATHLEEN MOORE,**

    **Plaintiff,**

v.    Civil Action No. 1:18-CV-71 (Keeley)

**JURY TRIAL DEMANDED**

**HOSPICE CARE CORPORATION**
**d/b/a WV CARING and RON HICKS,**

    **Defendants.**

ELECTRONICALLY FILED
Apr 10 2018
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

**NOW COMES** Plaintiff Kathleen Moore, by and through her counsel, and files this Complaint against Defendants Hospice Care Corporation d/b/a WV Caring and Ron Hicks, making claims to recover unpaid overtime wages under the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., and for unlawful disability and age discrimination in violation of the West Virginia Human Rights Act, W.Va. Code §5-11-1 et seq., stating as follow:

## PARTIES

1. Plaintiff is an individual residing in Bridgeport, Harrison County, West Virginia.

2. Defendant Hospice Care Corporation d/b/a WV Caring ("WV Caring") is a non-profit corporation established pursuant to the laws of West Virginia, with a principal office located at 519 G Road, P.O. Box 760, Arthurdale, Preston County, West Virginia.

3. At all relevant times, Defendant WV Caring was Plaintiff's employer.

4. Defendant Ron Hicks ("Hicks") is presently the Vice President of Family and Caregiver Support for Defendant WV Caring.

5. During the relevant time period, Defendant Hicks was Plaintiff's direct supervisor.

6. Defendant Hicks resides within the judicial district of this Court.

7. At all times relevant hereto, Defendants were acting through their agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

## JURISDICTION AND VENUE

8. Plaintiff asserts claims herein under the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the West Virginia Human Rights Act, W.Va. Code §5-11-1 et seq. ("WVHRA").

9. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §1331 because these claims arise under the laws of the United States.

10. This Court has supplemental jurisdiction over Plaintiff's claims under the WVHRA pursuant to 28 U.S.C. § 1367.

11. Venue is appropriate in the U.S. District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §1391(b) because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

12. Plaintiff was hired by Defendant WV Caring in August 2014 as a Community Development Liaison.

13. Plaintiff's duties included traveling throughout 12 West Virginia counties, often as much as 300 miles in a day, to visit referral sources and senior centers to make presentations and administer blood pressure and glucose tests.

14. Upon being hired, Plaintiff was paid an annual salary of $58,000.00.

15. Within a few weeks of her hiring, Plaintiff's pay was changed to an hourly wage of $26.00.

16. A few weeks prior to Plaintiff's unlawful termination on September 9, 2017, Plaintiff's compensation was again changed to an annual salary of $58,000.00.

17. During the entire term of her employment by Defendant WV Caring, Plaintiff typically worked 10 hours per day for an average of 50 work hours per workweek.  Plaintiff also typically performed administrative duties such as checking emails and reports before and after each workday for an average of 4 additional hours per workweek.  Plaintiff, therefore, worked an average of 54 hours per workweek, including 14 hours of overtime.

18. During Plaintiff's employment, Plaintiff reported her work hours to Defendant WV Caring each day by emailing an "Excel" spreadsheet to her supervisor.

19. The emailed Excel spreadsheets reflected Plaintiff's work hours and overtime work hours.

20. Despite having received the Excel spreadsheets reflecting Plaintiff's overtime work hours, Defendant WV Caring did not pay Plaintiff for all overtime hours worked.

21. Instead of paying Plaintiff for all overtime hours worked, Defendant WV Caring generally paid Plaintiff for only 40 work hours in a workweek.

22. During her employment by Defendant WV Caring, Plaintiff consistently performed her duties in an exemplary manner, and her performance evaluations throughout her employment reflected Defendant WV Caring's high regard for Plaintiff's job performance.

23. On Plaintiff's most recent performance evaluation in or about October of 2017, Plaintiff received grades of "4" or "5" of a possible "5" in each category.

24. During her employment, Plaintiff received no discipline and no performance counseling.

25. Two to three months prior to Plaintiff's termination, Defendant Hicks, who at the time was the WV Caring Executive Director, became Plaintiff's direct supervisor, replacing her prior supervisor, Cindy Woodyard ("Woodyard").

26. Plaintiff suffers from the disability of cervical dystonia and palsy and suffered from said disabilities during her employment by Defendant WV Caring.

27. Plaintiff's cervical dystonia and palsy sometimes caused Plaintiff to have uncommon and jerky head movements while performing her work duties for Defendants.

28. Defendant Hicks and other of Defendant WV Caring's agents observed Plaintiff's uncommon and jerky head movements.

29. Three to four weeks prior to Plaintiff's termination, Defendant Hicks told Plaintiff that he noted her legs were swollen, said she had "congestive heart failure", commented about Plaintiff's use of an inhaler, and said he told Woodyard that "I think [Plaintiff] has congestive heart failure."

30. Defendants regarded Plaintiff as having the disabilities of congestive heart failure and breathing maladies.

31. Despite Plaintiff's exemplary job performance, Defendants terminated Plaintiff's employment on September 9, 2017 with no warning.

32. Plaintiff is 71 years old.

33. Defendants replaced Plaintiff with a female in her 30's.

## COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

### (Defendant WV Caring)

34. Plaintiff incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Defendant WV Caring is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

36. Defendant WV Caring is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

37. Plaintiff is an "employee" as defined in the FLSA at 28 U.S.C. § 203.

38. Although Plaintiff was paid a salary for a small portion of her employment, she was always a "non-exempt" employee, entitled to wages for all hours worked, and overtime wages at a rate of one and one-half times her "regular rate" for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

39. Plaintiff worked an average of 14 hours of overtime each week throughout her employment by Defendant WV Caring.

40. Defendant WV Caring failed to pay Plaintiff all overtime wages due and owing to Plaintiff in violation of the FLSA, 28 U.S.C. § 207.

41. Defendant WV Caring's failure to pay wages and overtime wages in violation of the FLSA was willful.

## COUNT II:  UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

### (Defendants WV Caring and Hicks)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times herein, Defendant WV Caring was an "employer" within the meaning of the WVHRA, W.Va. Code §5-11-3(a).

44. At all relevant times herein, Defendant Hicks was a "person" within the meaning of WVHRA, W.Va. Code §5-11-3(d).

45. At all relevant times herein, Plaintiff was an "employee" within the meaning of the WVHRA, W.Va. Code §5-11-3(e).

46. When Defendants terminated Plaintiff's employment, Plaintiff suffered from an impairment and was disabled under the WVHRA, W.Va. Code §5-11-3(m).

47. When Defendants terminated Plaintiff's employment, Defendants regarded Plaintiff as having an impairment and Plaintiff was, therefore, a person with a "disability" under the WVHRA, W.Va. Code §5-11-3(m).

48. Defendant WV Caring unlawfully terminated Plaintiff's employment in violation of the WVHRA, W.Va. Code § 5-11-1 et seq., because Plaintiff was disabled and because Defendants regarded Plaintiff as having a disability.

49. Defendant Hicks aided and abetted Defendant WV Caring's unlawful discrimination against Plaintiff because of her disability and/or perceived disability.

50. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits,

aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendants are liable.

51.     Based upon Defendants' willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

52.     Plaintiff is also entitled to recover attorneys' fees and costs.

### COUNT III: UNLAWFUL AGE DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

**(Defendants WV Caring and Hicks)**

53.     Plaintiff incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     Plaintiff is 71 years old and within the class of people protected against age discrimination by the WVHRA at W.V. Code §§ 5-11-3(k) and 5-11-9.

55.     During her employment, Plaintiff satisfactorily performed her job duties and was never counseled or disciplined by Defendants.

56.     Plaintiff was replaced by a substantially younger employee in her 30's.

57.     Defendant WV Caring unlawfully terminated Plaintiff's employment in violation of the WVHRA, W.Va. Code § 5-11-1 et seq., because of Plaintiff's age.

58.     Defendant Hicks aided and abetted Defendant WV Caring's unlawful discrimination against Plaintiff because of her age.

59.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendants are liable.

60.     Based upon Defendants' willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

61.     Plaintiff is also entitled to recover attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     That she be entitled to a trial by jury;

(b)     That she be awarded all damages provided by the FLSA, including but not limited to, unpaid overtime wages;

(c)     That she be awarded liquidated damages as provided by the FLSA;

(d)     That she be awarded all damages provided by the WVHRA, including but not limited to, lost wages, including back pay and front pay, lost benefits, damages for emotional distress, humiliation and mental anguish, punitive damages, and other damages and equitable remedies for which Defendants are liable;

(e)     That she be awarded her reasonable attorneys' fees and costs for having to bring this action;

(f)     That she be awarded pre-judgment and post-judgment interest thereon; and

(g)     That she be awarded such other relief as this Court may deem as just and equitable.

                                                    **KATHLEEN MOORE**
                                                    By Counsel

\_\_\_\_/s/ *Mark Goldner*_____
Mark Goldner, Esq. (WV Bar No. 11286)
Maria W. Hughes, Esq. (WV Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Second Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com

*Counsel for Plaintiff*